**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHAMPIONS TRUCK AND EQUIPMENT, INC., and WILLIAM B. CARROLL, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-0108 |
| JERRY D. PATTERSON, | § § § | |
| Defendant. | § | |

**TEMPORARY RESTRAINING ORDER**

On January 23, 2008, this court held a hearing and considered the emergency application for preliminary injunction of William B. Carroll ("Carroll"), plaintiff. Counsel for the defendant received notice but did not attend. Based on the record, the court finds as follows:

1. On August 28, 2002, Jerry D. Patterson ("Patterson"), defendant, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

2. On September 23, 2003, Patterson filed a lawsuit in state court in Montgomery County, Texas in cause number 03-09-06887-CV in the 221st Judicial District Court of Montgomery County, Texas. In this state court lawsuit, Patterson alleged that in December 2001 he entered into a verbal contract with Carroll by which he was to receive a 50% ownership interest in a corporation known as Champions Truck and Equipment, Inc. that was doing business as Houston

    Boating Center. He alleged that he was to receive the 50% ownership interest after nine months of operation. Patterson alleged that he worked at the business but did not receive the 50% ownership interest as promised after nine months of operations. He alleged that at the end of 2002 and the beginning of 2003, he asked that the contract be reduced to writing, which was refused.

3. In his chapter 7 bankruptcy case, filed in August 2003, Patterson did not schedule or disclose this alleged verbal contract as an asset of his bankruptcy estate. He did not disclose a cause of action for breach of the oral contract. If such an oral contract or a claim for breach of contract existed, it was property of his bankruptcy estate under 11 U.S.C. § 541.

4. On January 3, 2003, a final decree was entered in Patterson's chapter 7 bankruptcy case.

5. Under judicial estoppel, because Patterson did not schedule or disclose the alleged oral contract or the claim for its breach in his bankruptcy schedules, it was not an asset that was abandoned by Patterson's chapter 7 trustee upon the closure of Patterson's chapter 7 bankruptcy case. Under judicial estoppel, the alleged oral contract and claim for its breach remain property of Patterson's bankruptcy estate and Patterson is without standing to prosecute the part of the state court case in Montgomery County, Texas for enforcement of such alleged oral contract.

6. Patterson has requested the state court in Montgomery County, Texas to require Carroll to deposit into the registry of the state court in Montgomery

County, Texas proceeds from a promissory note given to Champions Truck and Equipment, Inc. as consideration for the sale of its assets. Prior to selling the assets of Champions Truck and Equipment, Inc., Carroll borrowed hundreds of thousands of dollars to pay creditors holding liens on the assets of Champions Truck and Equipment, Inc. so that the assets could be sold free and clear of these liens.

7. Carroll testified that he will default on the loans that were obtained to pay the creditors of Champions Truck and Equipment, Inc. if Patterson prevails in the state court in Montgomery County, Texas with his request to deposit the promissory note proceeds into the registry of the state court based on his enforcement of his alleged verbal contract of December 2001. This court finds that such defaults on the loans would cause irreparable harm to Carroll and Champions Truck and Equipment, Inc. for which there would be no adequate remedy at law.

8. The requirements for issuing a TRO are met. Patterson is temporarily restrained from further prosecution of the claim that he had a December 2001 verbal contract with Carroll that was breached as alleged in cause number 03-09-06887-CV pending in the 221st Judicial District Court of Montgomery County, Texas.

This TRO will issue when the plaintiff files with the clerk of the court a cash bond or surety bond in the amount of $100. A hearing on whether a preliminary injunction should

be entered is set for **February 1, 2008, at 9:00 a.m.** in Courtroom 11-B of the United States Courthouse.

   SIGNED on January 23, 2008, at Houston, Texas.

            _____
               Lee H. Rosenthal
              United States District Judge