**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHAMPIONS TRUCK AND EQUIPMENT, INC., and WILLIAM B. CARROLL, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-0108 |
| JERRY D. PATTERSON, | § § § | |
| Defendant. | § | |

**EXTENDED TEMPORARY RESTRAINING ORDER**

On January 23, 2008, this court issued a Temporary Restraining Order prohibiting Jerry D. Patterson from further prosecution of the claim that he had a December 2001 verbal contract with William B. Carroll that was breached as alleged in cause number 03-09-06887-CV pending in the 221st Judicial District Court of Montgomery County, Texas.

On February 1, 2008, this court held a hearing on Carroll's application for a preliminary injunction. This court's TRO is extended until February 15, 2008, based on the following findings:

1. On August 28, 2002, Jerry D. Patterson ("Patterson"), defendant, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

2. On September 23, 2003, Patterson filed a lawsuit in state court in Montgomery County, Texas in cause number 03-09-06887-CV in the 221st Judicial District Court of Montgomery County, Texas. In this state court lawsuit, Patterson

      alleged that in December 2001 he entered into a verbal contract with Carroll by which he was to receive a 50% ownership interest in a corporation known as Champions Truck and Equipment, Inc. that was doing business as Houston Boating Center. He alleged that he was to receive the 50% ownership interest after nine months of operation. Patterson alleged that he worked at the business but did not receive the 50% ownership interest as promised after nine months of operations. He alleged that at the end of 2002 and the beginning of 2003, he asked that the contract be reduced to writing, which was refused.

3. In his chapter 7 bankruptcy case, filed in August 2003, Patterson did not schedule or disclose this alleged verbal contract as an asset of his bankruptcy estate. He did not disclose a cause of action for breach of the oral contract. If such an oral contract or a claim for breach of contract existed, it was property of his bankruptcy estate under 11 U.S.C. § 541.

4. On January 3, 2003, a final decree was entered in Patterson's chapter 7 bankruptcy case.

5. Carroll has shown a likelihood of prevailing on his judicial estoppel claim, based on Patterson's failure to schedule or disclose the alleged oral contract or the claim for its breach in his bankruptcy schedules. Under judicial estoppel, the alleged oral contract and claim for its breach remain property of Patterson's bankruptcy estate and Patterson is without standing to prosecute the part of the state court case in Montgomery County, Texas for enforcement of such alleged oral contract.

6. Patterson has requested the state court in Montgomery County, Texas to require Carroll to deposit into the registry of the state court in Montgomery County, Texas proceeds from a promissory note given to Champions Truck and Equipment, Inc. as consideration for the sale of its assets. Prior to selling the assets of Champions Truck and Equipment, Inc., Carroll borrowed hundreds of thousands of dollars to pay creditors holding liens on the assets of Champions Truck and Equipment, Inc. so that the assets could be sold free and clear of these liens.

7. Carroll testified that he will default on the loans that were obtained to pay the creditors of Champions Truck and Equipment, Inc. if Patterson prevails in the state court in Montgomery County, Texas with his request to deposit the promissory note proceeds into the registry of the state court based on his enforcement of his alleged verbal contract of December 2001. This court finds that such defaults on the loans would cause irreparable harm to Carroll and Champions Truck and Equipment, Inc. for which there would be no adequate remedy at law.

8. The plaintiffs have filed with the clerk of the court the required cash bond in the amount of $100.

9. The requirements for issuing a TRO are met. Patterson is temporarily restrained from further prosecution of the claim that he had a December 2001 verbal contract with Carroll that was breached as alleged in cause number 03-

09-06887-CV pending in the 221st Judicial District Court of Montgomery County, Texas.

This court's January 23, 2008 TRO is extended until February 15, 2008.

SIGNED on February 5, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge