IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHAMPIONS TRUCK AND § | |
| EQUIPMENT, INC., and § | |
| WILLIAM B. CARROLL, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-08-0108 |
| § | |
| JERRY D. PATTERSON, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

This case grows out of a failed business relationship between William Carroll, who owned Champions Truck and Equipment, Inc. ("Champions Truck") d/b/a Houston Boating Center, and Jerry D. Patterson. On September 16, 2003, Champions Truck and Carroll sued Patterson in state court in Harris County, Texas, alleging breach of fiduciary duty. On September 23, 2003, Patterson sued Champions Truck and Carroll in state court in Montgomery County, Texas, alleging breach of contract. On January 9, 2008, Champions Truck and Carroll filed this federal suit seeking an injunction prohibiting Patterson from prosecuting his breach of contract claim in the Montgomery County state court. Champions Truck and Carroll allege that Patterson is judicially estopped from pursuing his breach of contract claim in state court because he failed to schedule or disclose this claim when he filed for bankruptcy protection under Chapter 7 bankruptcy in August 2002. Champions Truck and Carroll also seek a declaratory judgment that Patterson has no standing to pursue his

breach of contract claim in state court because the claim belongs to his bankruptcy estate and must be pursued by the bankruptcy trustee.

Patterson moved to dismiss or remand this case. (Docket Entry No. 15). Champions Truck and Carroll have responded, (Docket Entry No. 16), and filed a supplemental response, (Docket Entry No. 17).

Based on the motion and responses, the arguments of counsel, the record, and the applicable law, this court grants Patterson's motion to dismiss. The reasons are explained below.

**I.     Background**

William Carroll owns Champions Truck and Equipment, Inc. d/b/a Houston Boating Center. Carroll and Jerry Patterson formed a business relationship in 2001 and began working together selling boats.

On August 28, 2002, Patterson filed for Chapter 7 bankruptcy. On January 3, 2003, the bankruptcy court handling Patterson's Chapter 7 proceeding entered an order discharging Patterson's debts and closing the bankruptcy case.

On September 16, 2003, Carroll and Champions Truck sued Patterson in state court in Harris County, Texas, alleging breach of fiduciary duty. Carroll and Champions Truck asserted that Patterson had "surreptitiously formed a corporation to be a boat dealer to take a valuable business opportunity of Houston Boating Center." (Docket Entry No. 16 at 1, n.1). On September 23, 2003, Patterson sued Carroll and Champions Truck in state court in Montgomery County, Texas, alleging breach of contract. Patterson asserted that in December

2001 he entered into a verbal contract with Carroll to receive a 50% ownership interest in Champions Truck after nine months of its operation. Patterson alleged that he worked at Champions Truck for over nine months but did not receive the 50% ownership interest as promised. He alleged that at the end of 2002 and the beginning of 2003, he asked that the contract be reduced to writing, but the request was refused.

On January 9, 2008, Carroll and Champions Truck filed this federal court suit against Patterson seeking declaratory and injunctive relief against his pursuit of his breach of contract claim in the Montgomery County court. They asserted that Patterson is judicially estopped from pursuing the claim because he failed to disclose as assets in his bankruptcy schedules either the alleged oral contract with Carroll or his breach of contract claim against Carroll and Champions Truck. Carroll and Champions Truck asked this court to enter a declaratory judgment that Patterson lacks standing to prosecute his claim for a 50% interest in the Houston Boating Center because that claim is the property of his bankruptcy estate, and to enter an injunction prohibiting Patterson from prosecuting the Montgomery County case. They asserted that they had raised the defense in the state court case, without success.

On January 23, 2008, this court held a hearing on the request for injunctive relief. Patterson's counsel received notice but did not attend. This court entered a temporary restraining order prohibiting Patterson from prosecuting his claims in the Montgomery County court. (Docket Entry No. 7, 14). That order expired in February 2008. Patterson has moved to dismiss or remand this federal case. (Docket Entry No. 15). Patterson argues that there is no federal subject-matter jurisdiction over the request for injunctive relief and that

federal courts have "wide discretion to abstain from hearing a declaratory judgment action." (*Id.* at 2). Patterson alternatively argues that this court should remand the suit to state court because "[r]emoval must be started within 30 days of service of citation" and "[o]ver four and one-half years have elapsed since service." (*Id.* at 2). Champions Truck and Carroll respond that "Patterson is attempting to prosecute in state court claims and causes of action that are property of his bankruptcy estate" and that neither dismissal, abstention, nor remand is warranted. (Docket Entry No. 16 at 2).

## II.     The Motion to Dismiss for Lack of Subject-Matter Jurisdiction

### A.     The Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does

not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997).

**B.     Analysis**

    *1.     Judicial Estoppel*

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir.1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir.1988)), *cert. denied*, 528 U.S. 1117 (2000). Judicial estoppel is most often applied when a former debtor attempts to prosecute claims previously undisclosed in his bankruptcy proceedings. A debtor is required to make full and complete disclosure of his assets when he files for bankruptcy. 11 U.S.C. § 521(a). "The rationale for decisions invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy is that the *integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets*." *In re Coastal Plains,* 179 F.3d at 208 (internal punctuation omitted) (quoting *Rosenshein v. Kleban*, 918 F. Supp. 98, 104 (S.D.N.Y.1996); *see generally* 18B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4477 (2d ed. 2002). The Fifth

Circuit has identified the following criteria for applying judicial estoppel:     A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently. Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset

to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.

*Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir.2005) (citing *In re Coastal Plains*, 179 F.3d at 206–07). In *Jethroe,* the appellate court affirmed the bankruptcy court's application of judicial estoppel against an individual who had failed to disclose her employment discrimination complaint during her chapter 13 bankruptcy case. The appellate court emphasized that a debtor's obligation "to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one" and affirmed the lower court's conclusion that the failure to disclose the claim was inconsistent with the debtor's assertion of that claim; that when confirming the plan the bankruptcy court had relied on the debtor's disclosed assets and liabilities; and that the failure was not inadvertent, despite the debtor's argument that she relied on her bankruptcy counsel's advice in preparing her bankruptcy filings. 412 F.3d at 601. The court noted that under Fifth Circuit precedent, the "controlling inquiry, with respect to inadvertence, is the knowing of facts giving rise to inconsistent positions. . . . '[A] claimant's lack of awareness of a statutory disclosure duty for its legal claims is not relevant.'" *Id.* at 601 n.4 (internal punctuation omitted) (quoting *In re Coastal Plains,* 179 F.3d at 212).

Most courts have identified at least two limits on the application of judicial estoppel: (1) it may be applied only when the position of the party to be estopped is clearly inconsistent with its previous one; and (2) that party must have convinced the court to accept that previous position. Many courts, including the Fifth Circuit, have imposed the additional requirement that the party to be estopped must have acted intentionally, not inadvertently. *In re Coastal*

6

*Plains*, 179 F.3d at 205–06; *see also Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 294 (5th Cir.2004) (noting two limits on judicial estoppel identified in Fifth Circuit courts).  The Fifth Circuit noted in *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391 (5th Cir.2003), a nonbankruptcy case, an additional factor considered by the Supreme Court:

> In this Circuit, two bases for judicial estoppel must be satisfied before a party can be estopped. First, it must be shown that the position of the party to be estopped is clearly inconsistent with its previous one; and second, that party must have convinced the court to accept that previous position. . . . In *New Hampshire,* the Supreme Court outlined three non-exclusive factors that typically inform the decision whether to apply the doctrine in a particular case.  In addition to the two factors primarily relied on in this Circuit and already discussed, the Supreme Court articulated a third, whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 396, 399 (internal punctuation and citations omitted).

The federal cases applying judicial estoppel are cases that are in the federal courts on independent grounds for federal subject-matter jurisdiction.  Carroll argues that there is no ground for federal subject-matter jurisdiction in this case.

    2.    *Subject-Matter Jurisdiction*

Champions Truck and Carroll do not identify a basis for federal-question jurisdiction under 28 U.S.C. § 1331.  Federal-question jurisdiction arises when a plaintiff's allegations are founded on a claim or right arising under the Constitution, treaties, or laws of the United States.  *See* 28 U.S.C. § 1331.  The courts applying judicial estoppel based on a debtor's

7

failure to disclose a claim in bankruptcy schedules do not rely on the doctrine to create federal-question jurisdiction. Although Champions Truck and Carroll seek a declaratory judgment, the Declaratory Judgment Act, 28 U.S.C. §2201, does not confer federal-question jurisdiction. Rather, the Declaratory Judgment Act "merely enables a party to achieve federal question jurisdiction over a suit to declare that a claim arising under *federal law* which another asserts against him is not valid." *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996) (internal quotations and citation omitted).

Patterson asserted a state-law claim for breach of contract against Champions Truck and Carroll and they invoked judicial estoppel as a defense. Although the judicial estoppel defense arises out of Patterson's 2002 bankruptcy proceeding, "a federal defense to a state law claim does not confer federal question jurisdiction." *Gaar*, 86 F.3d at 453.

Nor is subject-matter jurisdiction present under 28 U.S.C. § 1334. Section 1334(a) grants the district courts original and exclusive jurisdiction over "all cases under title 11," while Section 1334(b) grants original but not exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S .C. § 1334(a), (b). The Fifth Circuit has held that an action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and in any way impacts the handling and administration of the bankrupt estate." *In re Maples*, 529 F.3d 670, 672 (5th Cir. 2008). Champions Truck and Carroll do not ask that the bankruptcy case be reopened or that Patterson's discharge be revoked. Nor do Champions Truck and Carroll identify how the relief they seek could affect the handling and

administration of the bankrupt estate. The fact that Champions Truck and Carroll are asserting a defense that "involves the application of federal law," (Docket Entry No. 16 at 3), does not provide a basis for related-to jurisdiction. Champions Truck and Carroll have failed to show a basis for "related to" jurisdiction under 28 U.S.C. § 1334.

Champions Truck and Carroll could, and did, raise the judicial estoppel defense in the state court. Their lack of success in asserting that defense does not provide a basis for federal subject matter jurisdiction. This case is dismissed for lack of subject-matter jurisdiction.

**IV.    Conclusion**

Patterson's motion to dismiss is granted.

SIGNED on July 21, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge